UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 3:03CR116(DJS) |
| | : | |
| RALPH MICHEL | : | December 8, 2005 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO THE DEFENDANT'S MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE**

**I.    Preliminary Statement**

On April 29, 2003, defendant Michel appeared before United States District Judge Dominic J. Squatrito at which time he waived prosecution by indictment and entered a guilty plea to an information charging him with two counts of Unlawfully Exporting Commodities from the United States, in violation of Title 50A, U.S.C. §2410A.  The defendant appeared before the district court for sentencing on September 22, 2003, and was sentenced to five months' imprisonment and three years' supervised release.

Defendant completed his term of incarceration and was released and admitted to supervised release on March 19, 2004.  After completing approximately one year and nine months of his supervised release term (little more than half of the term imposed), on December 5, 2005, the defendant moved pursuant to Title 18 U.S.C. § 3583(e)(1) for early termination of his supervised release.  As set forth below, the defendant's motion should be denied.

**II.    Discussion**

   **A.    Applicable Law**

Title 18 U.S.C. § 3583 authorizes the Court to grant early termination of supervised release in certain circumstances and provides as follows.

>The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)– terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

The factors referenced above include:

>(a) (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>(2) the need for the sentence imposed -
>>(B) to afford adequate deterrence to criminal conduct;
>>(C) to protect the public from further crimes of the defendant; and
>>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>(3) the kinds of sentences available;
>
>(4) the kinds of sentences and the sentencing range established for-
>>(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
>>(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
>
>(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
>
>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

18 U.S.C. § 3553(a).

The decision to grant early termination of supervised release rests within the sound discretion of the court. *United States v. Rasco*, 2000 WL 45438 at \*3 (S.D.N.Y., Jan. 19, 2000).

Early termination, however, is "not warranted as a matter of course." *United States v. Herrera*, 1998 WL 684471 at *2 (S.D.N.Y., Sept. 30, 1998). "It may be justified 'occasionally' in cases of new or unforseen circumstances." *Id*. (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). "Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

  The defendant has the burden to demonstrate that the circumstances warrant early termination. *Rasco*, 2000 WL 45438 at *3 ("Neither the statute nor the relevant case law places an affirmative obligation upon the government to make a showing of compelling penal need before a defendant will be required to complete a validly imposed term of supervised release. If the defendant desires to have that period shortened he must show that the circumstances warrant it, not that the government cannot prove otherwise.").

  Where the defendant presents no new or exceptional circumstances, early termination is not warranted. *Id*. ("While Rasco's good behavior in prison and on supervised release is laudable, I am not satisfied that his conduct has been so unusual as to merit the early termination of his supervised release."); *Herrera*, 1998 WL 684471 at *2 ("Although Herrera seems to have adjusted well to probation, there are no new or exceptional circumstances sufficient to warrant a termination of his probation term."); *United States v. Martin*, 1992 WL 178585 at *1 (S.D.N.Y., July 13, 1992) ("The factors that led to imposition of the original sentence, however, remain

unchanged. . . . This court does not find, nor does defendant even offer, the existence of new circumstances that merit a modification of the original sentence.").

Full compliance with the terms of supervised release is expected and does not justify early termination. *Rasco*, 2000 WL 45438 at *2; *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (finding that defendant's compliance "with the terms of his supervision is commendable, but ultimately that is what is expected of him."). If simple compliance with the terms of supervised released were sufficient to justify early termination, "the exception would swallow the rule." *Id*.

      B.      **The Defendant's Motion For Early Termination**

The defendant does not offer any compelling justification for early termination of his supervised release. The defendant makes no assertion of extraordinary conduct or changed circumstances that renders his supervised release unduly burdensome or harsh. *See* Defendant's Motion For Early Termination Of Supervised Release (hereinafter "Motion"). In sum, his claim is that he feels that it is too burdensome to notify his probation officer of his intention to travel out of state to care for his grandchildren or visit family. The defendant also contends that he has been in full compliance with all the terms and conditions of his supervised release. As set forth above, however, it is presumed that a supervisee will comply with the conditions of supervision. Although the defendant details his employment history, marital status, and family situation, he fails to present any evidence of extraordinary conduct or evidence of new or exceptional circumstances to warrant an early termination. *See* Motion. Rather, it appears that he finds the reporting and notice requirements bothersome. He also fails to establish that any particular hardship or injustice would result from requiring him to complete the term of supervised release.

*See*, Motion.  In the absence of such a showing, defendant's motion for early termination should be denied.  *Herrera*, 1998 WL 684471 at *2.

## CONCLUSION

For the reasons discussed above, defendant Michel's motion for early termination of supervised release should be denied.

        Respectfully Submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY


        ALEX V. HERNANDEZ
        ASSISTANT UNITED STATE S ATTORNEY
        Federal Bar No. Ct08345
        915 Lafayette Boulevard
        Bridgeport, CT 06604
        (203) 696-3000
        Alex.Hernandez2@usdoj.gov

**CERTIFICATE OF SERVICE**

      This is to certify that on December 8, 2005, a true and correct copy of the foregoing was mailed, postage prepaid to the defendant's attorney of record:

James T. Cowdery, Esq.
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103

Keith Barry
United States Probation Officer
Office of United States Probation
915 Lafayette Boulevard
Bridgeport, CT 06604

                                            _____
                                            Alex V. Hernandez