UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | 3:03cr116(DJS) |
| : | |
| RALPH MICHEL : | |

**MEMORANDUM OF DECISION AND ORDER**

Ralph Michel ("Michel") has moved for the early termination of his supervised release. The U.S. Probation Office supports Michel's request; however, the government maintains that Michel's motion should be denied. The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**I.  FACTS**

Ralph Michel appeared before this court on April 29, 2003, when he entered a plea of guilty to count one of an information charging him with two counts of Unlawfully Exporting Commodities from the United States, in violation of Title 50A, U.S.C. § 2410A.

On September 22, 2003, this court sentenced Michel to a term of imprisonment of five months to be followed by a three-year period of supervised release. The period of supervision included a condition of home confinement with electronic monitoring for the first five months following Michel's release from prison. In addition, the court imposed a $50,000 fine and a special assessment of $100, both of which Michel fully paid on September 23, 2003.

One month after sentencing, on October 22, 2003, Michel voluntarily surrendered to the Bureau of Prisons facility to which he was designated. His term of supervised release commenced on March 19, 2004. During Michel's period of home confinement, this court

allowed Michel to travel to his son's house in Bloomfield, Connecticut, to provide childcare for his granddaughter. Michel provided this care two to three times a week. Michel completed his term of home confinement without incident on September 2, 2004.

Michel's term of supervised release is not scheduled to end until March 2007. The record before the court indicates that Michel has satisfied his obligations throughout his period of supervision. Indeed, his probation officer supports the defendant's motion for early termination and reports that Michel has been "extremely compliant" with the terms of his supervised release. (Def.'s Br. 2).

In his moving papers, Michel represents that his son, daughter-in-law, and granddaughter relocated to New Hampshire during the spring of 2005. He explains that he wishes to continue to provide childcare for his grandchild and to begin to provide childcare for the grandchild that will soon be born in New Hampshire. Michel also notes that the rest of his family is widely scattered among a number of states, and that he would like to be able to travel frequently to visit them. Michel states that his other children live in California and Virginia, and that his father and brother live in New York. In addition, Michel's sister lives in Massachusetts. Mrs. Michel's sister lives in Ohio, and Mrs. Michel's mother resides in New York.

The government does not dispute Michel's exemplary supervised release record. Instead, the government argues that compliance with the terms of supervised release is to be expected and that the defendant has not shown new or exceptional circumstances to warrant early termination of his supervised release.

## II.  DISCUSSION

An individual who has completed one year of supervised release may request that the court terminate his or her term of supervision.  See 18 U.S.C. § 3583(e)(1).  A district court may terminate a defendant's supervised release if it finds that both the defendant's conduct and interests of justice warrant such action.  Id.   Specifically, section 3583(e)(1) reads,

> (e) Modification of conditions or revocation.--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . . .

Id.  This statute directs the court to consider the factors set forth in 18 U.S.C. § § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  Id.  See also U.S. v. Gammarano, 321 F.3d 311, 315-16 (2d Cir. 2003).  The factors to be considered upon the imposition of a sentence within section 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the
>      defendant; and
>     (D) to provide the defendant with needed educational or
>      vocational training, medical care, or other correctional treatment in the
>      most effective manner;
> (4) the kinds of sentence and the sentencing range established for--
>     (A) the applicable category of offense committed by the
>      applicable category of defendant as set forth in the guidelines--
>         (i) issued by the Sentencing Commission pursuant
>          to section 994(a)(1) of title 28, United States Code, subject to any
>          amendments made to such guidelines by act of Congress

3

      (regardless of whether such amendments have yet to be
      incorporated by the Sentencing Commission into amendments
      issued under section 994(p) of title28); and
      (ii) that, except as provided in section 3742(g), are in effect
      on the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the
    applicable guidelines or policy statements issued by the Sentencing
    Commission pursuant to section 994(a)(3) of title 28, United States Code,
    taking into account any amendments made to such guidelines or policy
    statements by act of Congress (regardless of whether such amendments
    have yet to be incorporated by the Sentencing Commission into
    amendments issued under section 994(p) of title 28);
  (5) any pertinent policy statement--
    (A) issued by the Sentencing Commission pursuant to section
    994(a)(2) of title 28, United States Code, subject to any amendments
    made to such policy statement by act of Congress (regardless of whether
    such amendments have yet to be incorporated by the Sentencing
    Commission into amendments issued under section 994(p) of title 28);
    and
    (B) that, except as provided in section 3742(g), is in effect on the
    date the defendant is sentenced.
  (6) the need to avoid unwarranted sentence disparities among defendants
  with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  Whether early termination of supervised release is warranted is a discretionary decision made by the district court, and is only occasionally warranted due to changed circumstances of a defendant, such as exceptionally good behavior, which would render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of Section 3553(a).  U.S. v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).  See also U.S. v. Racsco, No. 88cr817(CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000), U.S. v. Herrera, No. 94cr1021(RWS), 1998 WL 684471, at *2 (S.D.N.Y. Sept. 30, 1998)(both denying motions to terminate supervise release because the defendant did not demonstrate new or exceptional circumstances).

The court finds that Michel has satisfied 18 U.S.C. § 3583(e)(1) because he has shown that his conduct and the interests of justice warrant the early termination of the term of his supervised release.  As a preliminary matter, the court notes that Michel meets the one-year threshold requirement set forth in section 3583(e)(1).  In addition, the court finds that Michel adequately demonstrated that new or exceptional circumstances exist.  Specifically, Michel's request to continue to assist his son, who recently moved to New Hampshire, by providing childcare for his grandchild constitutes a changed factor that warrants consideration.  Further, Michel's conduct while on supervised release for the past one year and nine months was exemplary, and the court finds that his conduct and his desire to provide assistance to his son and daughter-in-law constitutes a change in circumstances triggering further consideration by this court.

In reaching the decision to terminate Michel's supervised release, the court considered the factors set forth in 18 U.S.C. § 3583(e) and 18 U.S.C. § 3553(a).  Significantly, the court finds that the deterrent value of this case has been fully realized and that there is no longer any need to keep Michel on supervised release.  The defendant accepted responsibility for his crime, served a prison sentence, fulfilled his period of home confinement, completed more than a year towards his term of supervised release, and paid a substantial court-imposed fine.  Michel has returned to his prior status of a law-abiding citizen and no longer has any professional involvement with Omega Engineering.  Indeed, the court finds that Michel has successfully transitioned back into society and is not likely to commit this offense again.  The court also notes that the defendant's underlying offense was not a violent one, and that at sentencing Michel was found to have a criminal history category of one.  The court further finds that there is no need for rehabilitative or

corrective training given Michel's full compliance with the terms and conditions of supervised release.

In addition, the public interest is best served by terminating Michel's supervised release because this will allow the Probation Office to invest the public's limited resources on those who are in need of supervision. There is no benefit to be derived by maintaining supervision at public expense over someone who has proven himself to be beyond the need for supervision.

Accordingly, having considered the factors set forth in 18 U.S.C. § 3583(e) and 18 U.S.C. § 3553(a), the court finds that the defendant's conduct and the interest of justice warrant the early termination of Michel's supervised release.

Michel's motion for early termination of supervised release **(dkt. # 37) is GRANTED.**

**IT IS FURTHER ORDERED that the defendant's previously imposed period of supervised release is TERMINATED.**

SO ORDERED at Hartford, Connecticut, this 30th day of December, 2005.

/s/DJS
_____
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE